**TI GROUP AUTOMOTIVE SYSTEMS (NORTH AMERICA), INC. (now known as TI Group Automotive Systems, L.L.C.), Plaintiff–Appellant,**

v.

**VDO NORTH AMERICA L.L.C., Mannesmann VDO AG, Siemens VDO Automotive Corp., and Siemens VDO Automotive AG, Defendants–Cross Appellants.**

**No. 02–1630, 03–1482.**

United States Court of Appeals,
Federal Circuit.

July 15, 2003.

Before NEWMAN, BRYSON, and LINN, Circuit Judges.

## ORDER

The court considers how to proceed in view of the recent docketing of new appeals in this matter, following our dismissal order of May 13, 2003.

On May 13, 2003, the court dismissed the appeal filed by TI Group Automotive Systems (North America), Inc. (TI Group) for lack of jurisdiction because the district court had not entered judgment on a pending invalidity counterclaim. We stated:

(1) This appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 30 days of the date of this order, a party appeals from the entry of a final judgment on the entire case or obtains a certification for appeal pursuant to Rule 54(b).

(2) If the appeal is reinstated, it will be decided by the present panel, based on the briefs already filed and the oral argument heard on May 9, 2003.

The district court has now ruled on the remaining invalidity issue, determining that TI Group's patent was not invalid. TI Group has filed a motion for reinstatement, along with a renewed notice of appeal, and seeks review of the noninfringement finding that has already been briefed and argued. VDO North America L.L.C. et al. (VDO) also has filed an appeal, 03–1482, challenging the district court's recent invalidity ruling.

TI Group's motion for reinstatement is deemed timely, meets the conditions of this court's order of May 13, 2003, and is granted.

We next consider whether the two appeals should proceed as a consolidated case or whether the infringement portion and invalidity portion should be decided separately. We conclude that the validity issues should be briefed in supplemental briefing and the appeals then decided as a consolidated case.

Accordingly,

IT IS ORDERED THAT:

(1) TI Group's appeal, 02–1630, is reinstated. The appeal will be decided based on the briefs already filed and the oral argument heard May 9, 2003.

(2) TI Group's appeal, 02–1630, and VDO's appeal, 03–1482, are consolidated, with VDO's appeal to be treated as a cross-appeal.

(3) The opening and response briefs in appeal 03–1482 shall be limited to issues relating to the decision of the district court dated June 6, 2003, and shall not exceed 7,000 words. VDO's brief is due within 30 days, TI Group's brief within 30 days thereafter, and VDO's reply brief, limited to 3,500 words, and supplemental appendix within 14 days thereafter.

(3) If additional oral argument is required, then the court will so inform the parties.